IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR369 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| PAUL WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 31) issued by Magistrate Judge F.A. Gossett recommending denial of the motion to suppress filed by the Defendant, Paul White (Filing No. 23). White filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 40, 41) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

White is charged in an Indictment with: two counts alleging the distribution of cocaine base (Counts I and II); and being a felon in possession of a firearm (Count III). White seeks an order suppressing evidence obtained as a result of the February 20, 2004, search of his residence.

Following an evidentiary hearing, Judge Gossett issued a Report and Recommendation in which he concluded, with respect to the asserted *Franks* issue: the Defendant did not meet his burden of making a substantial preliminary showing that a false statement was included in the search warrant affidavit, either intentionally or with reckless disregard for the truth, and therefore he is not entitled to a hearing pursuant to *Franks v.*

1

*Delaware,* 438 U.S. 154 (1978); and even assuming that the Defendant satisfied the first prong of *Franks,* the Defendant has not shown that, even if the information in question were removed from the affidavit, probable cause would be lacking, and therefore the second element required for a *Franks* hearing has not been met.  Considering the Fourth Amendment argument, Judge Gossett concluded: the trash pull alone, aside from the information provided by the anonymous tipster, constituted probable cause for the issuance of the search warrant; and, even if probable cause were lacking, the good faith exception of *United States v. Leon,* 468 U.S. 897 (1984) applies.  (Filing No. 33, at 40-44.)

On the basis of these determinations, Judge Gossett recommends that the Defendant's motion be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## FACTUAL BACKGROUND

The account of the events leading up to the issuance of the search warrant are reflected in the transcript and evidence admitted at the hearing (Filing No. 33).  The Court also carefully viewed the evidence (Filing No. 29).  The Court adopts the transcript as the statement of factual findings.

Briefly, officers received information on two occasions of suspected drug trafficking at the Defendant's residence. Officers performed a trash search and found the following: venue to Paul A. White III in the form of a letter indicating his enrollment for one year in Nebraska Health Connection/Kids Connection, asking him to telephone and answer questions regarding his health; two designer baggies described as "(empty), which Officers knew from training and experience, may contain illegal narcotics"; and a sandwich baggie containing 8.3 grams of suspected marijuana seeds, stems and leaves. The substance found in the baggie tested positive for marijuana. Officers then checked MUD records and learned that Barbara and Robert E. Clay were receiving service at the address in question and that bills for the address were being forwarded to another address. Officer Kula believed that the Clays owned the residence in question and were renting it to Paul White III. Based on this information, officers obtained a search warrant. The execution of the search warranted yielded incriminating evidence.

## ANALYSIS

The Defendant objects to the following conclusions in Judge Gossett's Report and Recommendation: the Defendant did not make the necessary showing to obtain a *Franks* hearing; if the information in question were redacted, the remainder of the affidavit established probable cause; and, assuming that the information in the affidavit is insufficient to support a finding of probable cause, the *Leon* good-faith exception applies.

***FRANKS* SHOWING**

3

To obtain a hearing under *Franks v. Delaware,* 438 U.S. 154 (1978), a defendant must make a "substantial preliminary showing" that: 1) the affidavit contains false information deliberately or in reckless disregard for the truth; and 2) the information is necessary for a finding of probable cause. *Technical Ordinance, Inc. v. United States,* 244 F.3d 641, 647 n.3 (8th Cir. 2001). This "substantial preliminary showing" is "not lightly met," and mere allegations of negligence or innocent mistake are insufficient. *United States v. Hively,* 61 F.3d 1358, 1360 (8th Cir. 1995); *United States v. Najarian*, 915 F. Supp. 1441, 1455 (D. Minn. 1995). If the affidavit is sufficient to establish probable cause with the false material removed, no evidentiary hearing is required. *United States v. Crook,* 936 F.2d 1012, 1014 (8th Cir. 1991). Probable cause exists when the application for a search warrant "presents sufficient facts to justify a prudent person in the belief that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Riedesel,* 987 F.2d 1388, 1390 (8th Cir. 1993).

In the instant case, White attempted to show that the officers should have known that the letter found in the trash was addressed to an infant and therefore identifying Paul White III as a suspect in the search warrant application was a false statement made knowingly or with reckless disregard for the truth. The Court concludes that the Defendant failed to make a substantial preliminary showing that the search warrant affidavit contains false information made knowingly or in reckless disregard for the truth. Officer Kula testified that he did not know that Paul White III was an infant. (Tr. at 32.) Although the Court agrees with Judge Gossett that the police investigation was lacking when a criminal

4

history check reflected more than one entry for "Paul White," the Court concludes that the presence of the infant's name in the search warrant application was not done in reckless disregard for the truth. The focus of the investigation was the address rather than a particular individual. Moreover, as the affidavit clearly reflected probable cause through the trash pull alone, a *Franks* hearing is not indicated. *United States v. Hernandez-Leon,* 379 F.3d 1024, 1028 (8th Cir. 2004) (stating that the discovery of marijuana seeds and stems in the trash was alone sufficient to provide probable cause); *Crook,* 936 F.2d at 1014.

For the reasons discussed, the Defendant has not met the necessary burden to obtain a *Franks* hearing, and the request for a *Franks* hearing is denied.

**PROBABLE CAUSE**

As stated above, the discovery of marijuana in the trash alone is enough for a finding of probable cause. *See, e.g., Hernandez-Leon,* 379 F.3d at 1028.

***LEON* GOOD FAITH EXCEPTION**

The Defendant's repeated argument that because the credibility of the anonymous tipster was not supported by additional evidence is meritless, particularly in light of the conclusion that the trash pull alone provided probable cause.

Even assuming that probable cause did not support the issuance of the search warrant, the Court concludes that officers acted in good reliance on the search warrant and, therefore, the *Leon* good faith exception to the exclusionary rule would apply. *United States v. Leon,* 468 U.S. 897, 922-23 (1984).

## CONCLUSION

For the reasons discussed, the Defendant's objections to the Magistrate Judge's Report and Recommendation are overruled.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 31) is adopted in its entirety;

b. The Statement of Objections to the Report and Recommendation (Filing No. 40) is overruled;

3. The Defendant's Motion to Suppress (Filing No. 23) is denied.

DATED this 6th day of March, 2006.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge