IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR369** |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **PAUL WHITE,** | ) | |
| Defendant. | ) | |

The Court has received the Second Revised Presentence Investigation Report ("PSR"). The Court notes that the government adopted the previous Revised PSR. (Filing No. 59.) The Defendant filed, with the Court's permission, objections to the PSR out of time.[1] (Filing No. 64.) The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant's objections are addressed as follows:

### ¶ *Part A, ¶¶ 2, 3 and 4 - Alleged Alias*

The Defendant objects to the alleged alias "P-Dub," which is also present in the Indictment. The alias does not affect the sentencing guideline calculation and is denied.

### ¶¶ *20, 73 - Reference to Alleged Gang Membership and Activity*

The Defendant objects to the alleged gang membership and activity reported in ¶¶ 20 and 73. The Court is not at liberty to change the information provided by police officers or police records, the information does not affect the sentencing guideline calculation, and the information might be useful to the Bureau of Prisons. The objection is denied.

---

[1] Defense counsel is advised that adherence to ¶ 4 of the Order on Sentencing Schedule (Filing No. 51), which requires that objections be initially sent to the probation officer, assists the parties and the Court.

### ¶ 24 - Reference to Involvement at the Jail in a Fight

The Defendant objects to the characterization of the incident described in ¶ 24 as a "fight." The matter does not affect the sentencing guideline range, and the objection is denied.

### ¶¶ 65, 72 - Specific Narrative Information

The Defendant objects to the information stating that the Defendant spat on officers when approached in conjunction with an incident that led to the prior conviction reported at ¶ 65 and that he was the aggressor in a domestic incident as stated in ¶ 72. The information has no effect on the guideline application, and the objections are denied.

IT IS ORDERED:

1. The parties are notified that my tentative findings are that the Second Revised PSR is correct in all respects;

2. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3. Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final; and

4. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 25th day of July, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge