IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR369 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| PAUL WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the joint stipulation regarding a potential reduction in sentence pursuant to crack cocaine Amendment 706 (Filing No. 78). The Probation Office has prepared a sentencing reduction worksheet.

## PROCEDURAL BACKGROUND

On July 26, 2006, the Defendant was sentenced to two concurrent 100-month terms of imprisonment on Counts I (distribution of crack cocaine) and III (felon in possession of a firearm). (Filing No. 70.) His total offense level was 24 and his guideline range was 100-125 months based on a total offense level of 24 and criminal history category VI. (Filing No. 68.) The Defendant was held responsible for 9.3 grams of cocaine base, resulting in base offense level 26 at the time of sentencing. (Filing No. 68, ¶ 27.)

The parties stipulated that Amendment 706 results in a base offense level of 24 and a guideline range of 84-105 months. The parties stipulated that an 84-month term of imprisonment is appropriate.

The Probation Office's worksheet reflects a "retro" base offense level of 24, a total offense level of 23, and a sentencing range of 92-115 months. The parties object to the worksheet, arguing that the "retro" base offense level is 24, a 1-level increase applies for the multiple count adjustment, a 3-level downward adjustment for acceptance of

responsibility applies, and the new total offense level is 22 which, combined with Criminal History Category VI results in a range of 84-105 months.

However, the parties' calculation is in error with respect to the multiple count adjustment, which results in the addition of 2 levels. Previously, the multiple count adjustment resulted in 1 additional level. The guideline calculation is as follows:

*Count I*

| | | |
|---|---|---|
| Base Offense Level: | 9.3 grams cocaine base | 24 |
| Adjustment(s): | | — |
| Adjusted Offense Level: | | 24 |

*Count III*

| | |
|---|---|
| Base Offense Level: | 20 |
| Adjustment(s): | — |
| Adjusted Offense Level: | 20 |

*Multiple Count Adjustment*

| | |
|---|---|
| Ct. I - PWI Cocaine Base; adjusted offense level 24 | 1 Unit[1] |
| Ct. III - Felon in Possession of Firearm; adjusted offense level 20 | 1 Unit[2] |
| Total # of Units | +2[3] |
| Greater Offense Level from Above | 24 |

---

[1] U.S.S.G. § 3D1.4(a).

[2] U.S.S.G. § 3D1.4(a). The decrease in offense level resulted in an additional one-half unit being assigned to Count III in the multiple count adjustment.

[3] U.S.S.G. § 3D1.4(a). The increase from ½ to 1 Unit for Count III results in a total number of 2 levels. Previously, the total number of units was 1 ½, resulting in the addition of only 1 level. *Id.*

| | |
|---|---|
| Increase in Offense Level (Multiple Count Adjustment) | +2 |
| Combined Adjusted Offense Level | 26 |
| Acceptance of Responsibility | -3 |
| Total Offense Level | 23 |
| Criminal History Category: | VI |
| Sentencing Range of Imprisonment (Guidelines) | 92-115 months |
| Zone | D |

## CONCLUSION

For the reasons explained, the joint stipulation is denied and the Defendant will be sentenced to concurrent terms of 92 months imprisonment in a separate order.

IT IS ORDERED:

1. The joint stipulation (Filing No. 78) is denied; and

2. The Defendant will be sentenced to concurrent terms of 92 months imprisonment in a separate order.

DATED this 13th day of June, 2008.

BY THE COURT:

S/Laurie Smith Camp
United States District Judge

3